J-S67012-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER R. BAKER, | : | |
| | : | |
| Appellant | : | No. 242 WDA 2014 |

Appeal from the PCRA Order January 23, 2014,
Court of Common Pleas, Potter County,
Criminal Division at No. CP-53-MD-0000119-1992

BEFORE:  DONOHUE, MUNDY and FITZGERALD\*, JJ.

MEMORANDUM BY DONOHUE, J.:               **FILED NOVEMBER 26, 2014**

Christopher R. Baker ("Baker") appeals from the January 23, 2014 order entered in the Potter County Court of Common Pleas.  Baker's counsel has filed a brief alleging that Baker's appeal is frivolous.  For the following reasons, we remand the case with instructions to counsel.

The relevant facts and procedural history are as follows.  At the age of 16, Baker was arrested and charged with the May 6, 1992 killing of 72-year-old Dorothy Wilkinson.  Baker was also charged with stealing Ms. Wilkinson's car after the murder.  On March 11, 1993, following a non-jury trial, Baker was convicted of first-degree murder and theft.[1]  The trial court sentenced Baker on June 15, 1993, to life imprisonment for the charge of murder and 11 to 48 months imprisonment for the theft charge, to run concurrently with

---

[1]  18 Pa.C.S.A. §§ 2502(a), 3921(a).

\*Former Justice specially assigned to the Superior Court.

the life sentence. On July 14, 1993, Baker filed a notice of appeal. This Court affirmed the judgment of sentence on August 29, 1994.

Between December 16, 1996 and November 4, 2011, Baker filed three *pro se* petitions for relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, *et seq*. The trial court denied all three of Baker's requests for relief, which this Court affirmed.[2]

On May 21, 2012, Baker filed his fourth *pro se* PCRA petition. On July 19, 2012, the PCRA court appointed Brent Petrosky ("Attorney Petrosky") to represent Baker. On July 23, 2012, Baker filed a *pro se* amended PCRA petition, wherein he asserted that the decision in **Miller v. Alabama**, 132 S.Ct. 2455 (U.S. 2012), which holds that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," created a new constitutional right that should be applied retroactively to his case. **Id**. at 2469. The PCRA court continued the matter on October 16, 2012, pending resolution by our Supreme Court of the issue of whether **Miller** applied retroactively to cases on collateral review.

In the interim, on February 4, 2013, Baker filed a *pro se* petition for writ of *habeas corpus* in the PCRA court, requesting that his sentence be

---

[2] The PCRA court granted Baker's November 19, 1998 petition in part to allow Baker to file a petition for allowance of appeal to the Pennsylvania Supreme Court *nunc pro tunc*. Our Supreme Court denied Baker's petition for allowance of appeal on May 26, 1999. **See Commonwealth v. Baker**, 739 A.2d 163 (Pa. 1999).

vacated in light of the **Miller** decision. Baker thereafter amended his petition on February 6, 2013. On June 18, 2013, the PCRA court issued an order stating that Baker's PCRA petition and petition for writ of *habeas corpus* would be held in abeyance until the Pennsylvania Supreme Court issued its decision in **Commonwealth v. Cunningham**, filed at docket number 38 EAP 2012. Baker then filed two *pro se* amended *habeas* petitions on November 18, 2013 and December 27, 2013, respectively.

Following the Pennsylvania Supreme Court's decision in **Cunningham**, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S.Ct. 2724 (U.S. 2014), the PCRA court entered an order on January 3, 2013 pursuant to Pa.R.Crim.P. 907, notifying Baker of its intention to dismiss his petitions without a hearing, ultimately dismissing them on January 23, 2014.[3] Baker filed a *pro se* notice of appeal to this Court on February 3, 2014.

On March 12, 2014, Baker filed a motion for appointment of counsel. This Court entered an order on March 31, 2014, stating:

> As the trial court appointed [Attorney Petrosky] to represent [Baker] on July 19, 2012, and as there is no indication that [A]ttorney Petrosky was granted leave to withdraw, the prothonotary is directed to enter the appearance of [A]ttorney Petrosky in this Court. Should [A]ttorney Petrosky believe he is not representing [Baker], [A]ttorney Petrosky shall file a motion to withdraw in the lower court.

---

[3] The PCRA court properly treated the *habeas* petition as an amended PCRA petition, as 42 Pa.C.S.A. § 9542 states that the PCRA is "the sole means for obtaining collateral relief and encompasses […] *habeas corpus*[.]"

- 3 -

Order, 3/31/14, at 1.

On April 7, 2014, Baker attempted to file a *pro se* brief. Baker then filed a "Motion to the Court" on April 21, 2014, requesting to proceed *pro se* and to receive an extension of time to file his brief. On May 5, 2014, this Court denied Baker's "Motion to the Court," noting that Attorney Petrosky filed a brief on behalf of Baker on April 28, 2014. Order, 5/5/14.

In the brief, Attorney Petrosky presents one issue for this Court's review:

> Did a lower court err in following the dictates of the Pennsylvania Supreme Court in denying [Baker] retroactive relief where an appellant has previously exhausted his direct appeal rights?

Appellant's Brief at 4.

Attorney Petrosky provides an explanation of Baker's requested relief, a brief background of the case, a brief summary of our Supreme Court's ruling in **Cunningham**, and concludes as follows:

> After a careful and thorough review of the orders, counsel determines that the appealed issue is frivolous. **See Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009) (holding that counsel must now state reasons for concluding that the appeal is frivolous and that counsel need not argue in support of a defendant's claim, but only refer to potentially supporting portions of the record.[)]
>
> Based on the foregoing, Appellant's counsel has asserted all arguments which could arguably support an appeal. Counsel has diligently investigated the possible grounds and finds the appeal frivolous.

> Whether there is evidence contained within this record that supports Appellant's contentions that the lower court abused its discretion by dismissing Appellant's pleadings is left to the discretion of this Court.

Appellant's Brief at 9-10.

We begin by noting that Attorney Petrosky did not file a petition for leave to withdraw as counsel and did not request to withdraw as counsel. However, Attorney Petrosky cites to **Santiago** in his discussion of the frivolity of Baker's appeal, which sets forth the precise requirements a brief seeking permission to withdraw must contain in order to establish that an appeal is frivolous pursuant to **Anders v. California**, 386 U.S. 738 (1967). As such, Attorney Petrosky appears to be attempting to file an **Anders** brief seeking to withdraw as counsel. This Court has established, however, that "[c]ounsel petitioning to withdraw from PCRA representation must proceed not under **Anders** but under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007).

"The **Turner/Finley** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal." **Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa. Super. 2012). The

procedure for petitioning to withdraw as counsel under **Turner/Finley** is as follows:

> [PCRA] counsel must [] submit a 'no-merit' letter to the trial court, or brief on appeal to this Court, [1] detailing the nature and extent of counsel's diligent review of the case, [2] listing the issues which the petitioner wants to have reviewed, [3] explaining why and how those issues lack merit, and [4] requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner/Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner/Finley** request or an advocate's brief.

**Wrecks**, 931 A.2d at 721 (internal citations omitted).

After reviewing the record, we conclude that Attorney Petrosky failed to satisfy the technical prerequisites of **Turner/Finley**. First, counsel has failed to state the nature and extent of his review. In the brief he filed, Attorney Petrosky simply states "[a]fter a careful and thorough review of the orders, counsel determines that the appealed issue is frivolous." Appellant's Brief at 9. He then states that "[c]ounsel has diligently investigated the possible grounds and finds the appeal frivolous." **Id.** at 10. At no time, however, does Attorney Petrosky state the nature and extent of his review

or what he considered in arriving at his conclusion that Baker's appeal is frivolous.

In *Commonwealth v. Liebensperger*, 904 A.2d 40 (Pa. Super. 2006), this Court determined that counsel's statement that he reviewed "the pleadings, discovery information, record papers, and transcripts, as well as the applicable case law" satisfied the requirement that counsel detail the nature and extent of counsel's diligent review. *Id.* at 45. In view of our decision in *Liebensperger*, we conclude that Attorney Petrosky failed to sufficiently detail the nature and extent of counsel's diligent review of the case.

Attorney Petrosky also failed to list the issues that Baker desired this Court to review. In his brief, Attorney Petrosky presented one issue for our review. However, the record reflects that Baker filed a *pro se* statement of errors complained on of appeal pursuant to Pa.R.A.P. 1925(b) on February 14, 2013, wherein he listed four issues, with several sub-issues, he wished to have reviewed on appeal. Attorney Petrosky failed to list these issues and failed to explain how these issues lack merit, which contravenes the requirements of *Turner/Finley*.

Furthermore, Attorney Petrosky never requested permission to withdraw, nor is there evidence of record establishing that Attorney Petrosky advised Baker that he believed his appeal was frivolous or of his right to proceed *pro se* or by new counsel. *See Wrecks*, 931 A.2d at 721. To the

contrary, the record establishes that Attorney Petrosky filed a brief following Baker's attempt to file a *pro se* appellant's brief, resulting in the denial of Baker's request to proceed *pro se*.

Based upon the aforementioned reasons, we conclude that Attorney Petrosky's attempt to withdraw as counsel is deficient. Accordingly, we must remand this case. Should Baker renew his request to proceed *pro se* before the PCRA court, the court shall hold a ***Grazier***[4] hearing.[5] If Baker does not wish to proceed *pro se* or the PCRA court determines that his waiver of his right to counsel is not knowing, voluntary, or intelligent, Attorney Petrosky (or newly appointed counsel, if the PCRA court deems necessary) must file either a proper advocate's brief or a "no-merit" letter that complies with the requirements of ***Turner/Finley***.

Case remanded with instructions. Panel jurisdiction retained.

---

[4] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[5] As this is Baker's fourth PCRA petition, he is not entitled to counsel. ***See Commonwealth v. Kubis***, 808 A.2d 196, 200 (Pa. Super. 2002) ("the Pennsylvania Rules of Criminal Procedure provide that the PCRA court shall appoint an attorney to represent a petitioner during his ***first*** PCRA petition when he demonstrates that he is 'unable to afford or otherwise procure counsel.' […] [N]o such right exists for subsequent PCRA petitions[.]") (emphasis in original). Nevertheless, the trial court appointed Attorney Petrosky to represent Baker in this appeal. ***See*** Order, 3/31/14, at 1. However, once counsel is appointed and undertakes representation, the Rules of Professional Conduct require that, contrary to the manner in which Attorney Petrosky proceeded in this case, counsel must provide "competent, thorough, and prepared representation." ***See*** Rules of Professional Conduct 1.1. Furthermore, Rule 1.3 requires that the representation be diligent and zealous. Rules of Professional Conduct 1.3. Consequently, in consideration of the trial court's decision to appoint counsel to represent Baker in this matter, we invoke the ***Grazier*** requirement.